IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MICHAEL PINEDO, § <br> Previous TDCJ ID No. 2055727 § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TEXAS DEPARTMENT OF CRIMINAL § <br> CORRECTIONAL FOOD SERVICE, *et al.*, § <br> § <br> Defendant. § | Civil Action No. 1:18-CV-00026-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-326, this civil action was referred to the undersigned United States magistrate judge. The findings, conclusions, and recommendation of the undersigned are as follows:

I.   BACKGROUND

Plaintiff Michael Pinedo ("Pinedo"), proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 on January 16, 2018. Dkt. No. 1. On February 15, 2018, the United States District Court transferred this case to United States Magistrate Judge E. Scott Frost for the purpose of conducting preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Before reassigning the case, the district court entered an order granting Pinedo's request to proceed *in forma pauperis*, which advised Pinedo of his obligation to "promptly notify the Court of any change of address . . . [and that his] [f]ailure to file this notice may result in this case being dismissed for want of prosecution." Dkt. No. 9 at 2, ¶ 8. Pinedo received a similar admonishment when he initially filed this suit. *See* Instructions to a Prisoner *Pro Se* Plaintiff, Dkt. No. 3 at 1, ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

On October 1, 2019, this case was reassigned to the undersigned pursuant to Special Order 3-326. Dkt. No. 45. The undersigned, by Order entered on December 18, 2020, ordered that Defendant Johnathan Fickles be served and that he file an answer or otherwise plead to the allegations in Pinedo's complaint, amended complaint, and questionnaire response. Dkt. No. 48. A copy of the December 18 Order was mailed to Pinedo's last known address. *See* Clerk's Notice of Delivery, December 18, 2020. However, on January 7, 2021, Pinedo's copy of the December 18 Order was returned to the Court as unopened, undeliverable mail, with the notation: "Not Deliverable as Addressed, Unable to Forward." *See* Dkt. No. 50.

## II.   DISMISSAL UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). Generally, such dismissal is without prejudice. However, when a plaintiff may be barred by the statute of limitations from re-asserting claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

In that instance, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that

proved to be futile.  *Id*.  When applying this higher standard, the court must find at least one of three aggravating factors: "'(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual  prejudice to the defendant; or (3) delay caused by intentional conduct.'"  *Id*. (citation omitted); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

Pinedo was discharged from TDCJ custody some time in March or April of 2019.  *See* Dkt. No. 42.  Pinedo updated his mailing address on April 15, 2019, which serves as his last known address.  Dkt. No. 43.  However, it appears that Pinedo can no longer be contacted at this address, thus leaving the Court with no method by which to contact him.  Pinedo is proceeding as a *pro se* plaintiff, and any delay in Pinedo's prosecution of this case is attributable only to Pinedo himself.  Because the Court has no way to contact Pinedo without a proper mailing address, the imposition of lesser sanctions would not prompt the diligent prosecution of this case.  To the extent that Pinedo may be time-barred from reasserting his claims, the undersigned finds that Pinedo's complaint should be dismissed even when applying a higher standard of review.

Moreover, Pinedo's failure to supplement his address contravenes instructions provided in the Court's order granting Pinedo leave to proceed *in forma pauperis*.  In that order, the Court required Pinedo to "promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk."  *See* Dkt. No. 5 at 2, ¶ 8.  "Failure to file such notice," the Court warned, "may result in this case being dismissed for want of prosecution."  *Id*.  In the past, Pinedo complied with the Court's previous order and updated his address with the Court on at least one occasion.  *See* Dkt. No. 43.  However, past compliance does not relieve Pinedo of this ongoing duty to supplement any change of address.

The Court is not required to delay the disposition of this case until such time as Pinedo updates his mailing address and complies with the Court's previous order.  Any further efforts by

3

the Court to serve additional Defendants or address Pinedo's claims are futile if the Court has no way to contact Pinedo. Because Pinedo has not updated the Clerk of Court with his current address and has wholly failed to communicate with the Court in any way since April 15, 2019, the Court must dismiss Pinedo's complaint for want of prosecution and failure to comply with the Court's previous order to supplement his address.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned United States magistrate judge that Pinedo's complaint, and all claims alleged therein, be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for want of prosecution and failure to comply with a previous order of the Court.

It is therefore ORDERED that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action No. 1:18-CV-00026-C.

### IV.  RIGHT TO OBJECT

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    IT IS SO ORDERED this 7th day of January, 2021.

                                                                                           _____
                                                                                          JOHN R. PARKER
                                                                                         UNITED STATES MAGISTRATE JUDGE